MATTHEW G. BAGLEY (6820)
6141 W. INDIAN PONY WAY
HERRIMAN, UT 84096
TELEPHONE: (801) 819-5686
ATTORNEY FOR PLAINTIFF

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Jason Spiesman,<br><br>      Plaintiff,<br><br>v.<br><br>Discover Bank; Experian Information Solutions, Inc.; and Equifax Information Services, LLC,<br><br>      Defendants. | Case No.: 2:25-cv-699 |

### INTRODUCTION

1.      This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on Plaintiff's consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, thereby damaging Plaintiff.

### PARTIES

2.      Plaintiff is, and was at all times hereinafter mentioned, a resident of Utah.

3.      At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

4. Defendant, Discover Bank, (hereinafter "Discover") is a corporation operating under the laws of the State of Utah and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

5. At all times pertinent hereto, Defendant Discover was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendant, Experian Information Solutions, Inc., ("Experian") is a credit reporting agency, licensed to do business in Utah.

7. Defendant, Equifax Information Services, LLC, ("Equifax") is a credit reporting agency, licensed to do business in Utah.

8. Defendants Experian and Equifax are, and at all times relevant hereto were, regularly doing business in the State of Utah.

9. Defendants Experian and Equifax are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

10. Defendants Experian and Equifax furnish such consumer reports to third parties under contract for monetary compensation.

11. At all times pertinent hereto, Defendants Experian and Equifax each were a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

13. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Utah and Defendants do business in Utah.

14. Personal jurisdiction exists over Defendants as Plaintiff resides in Utah, Defendants have the necessary minimum contacts with the state of Utah, and this suit arises out of specific conduct with Plaintiff in Utah.

**FACTUAL ALLEGATIONS**

15. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Discover, Experian, and Equifax (collectively, "Defendants"), and has suffered particularized and concrete harm.

16. On or about December 2022, Defendant Discover canceled the alleged debt of Plaintiff for a Discover account, account number ending 5124 (the "Account").

17. Defendant Discover issued Plaintiff an IRS Form 1099-C, stating it discharged the debt tied to the Account.

18. The form 1099-C canceled the balance owed on the Account in the amount of $27,667.96.

19. The Identifiable Event Code on the 1099-C is marked "G"—indicating that the creditor has made a decision or policy to discontinue collection of the debt and to cancel the debt.

20. Upon information and belief, Defendant Discover submitted the form 1099-C to the IRS, reporting the debt canceled as income attributable to Plaintiff.

21. Because of this, Plaintiff was obligated to pay taxes on the cancelled debt.

22. Prior to issuing the form 1099-C, Defendant Discover actively attempted to collect the debt from Plaintiff using telephone calls, letters, and collection notices.

23. After cancelling the debt, Defendant Discover discontinued efforts to collect the debt and no longer uses the telephone calls, letters, and collection notices that it employed prior to cancelling the debt.

24. Prior to cancelling the debt, Defendant Discover provided periodic statements and letters containing information about the Account.

25. After cancelling the debt, Defendant Discover discontinued its practice of providing periodic statements and letters containing information about the Account.

26. Based on the issuance of the form 1099-C, and on Defendant Discover's activity or inactivity related to collecting the debt, it is clear that Discover has cancelled the debt associated with the Account.

27. Plaintiff relied on receipt of the IRS Form 1099-C from Defendant Discover in Plaintiff's decision-making and activities concerning the Account.

28. In spite of cancelling the debt, Defendant Discover continued, erroneously, to report a balance due on the Account to the credit reporting agencies, which appeared on Plaintiff's consumer reports.

29. In or about April 2024, Plaintiff obtained a copy of Plaintiff's credit reports from Defendants Equifax and Experian.

30. Upon review of Plaintiff's credit reports, Plaintiff observed that Defendant Discover was reporting that Plaintiff owed a past due balance on the Account in the amount of $27,667.96 on Plaintiff's Equifax and Experian credit reports.

31. The false and misleading information regarding the Account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

32. Defendants Equifax and Experian each published the false and misleading information regarding the Account to third parties.

### PLAINTIFF'S WRITTEN DISPUTE

33. In May 2025 Plaintiff sent a written dispute to DefendantExperian ("Experian Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian consumer report.

34. In May 2025 Plaintiff sent a written dispute to Defendant Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

35. Despite the clarity and detail provided in the Experian Dispute and Equifax Dispute (together, the "Written Disputes"), the Account continued to appear on Plaintiff's Equifax and Experian consumer report with a balance past due.

36. Upon information and belief, Defendants Experian and Equifax forwarded Plaintiff's Written Disputes to Defendant Discover.

37. Upon information and belief, Defendant Discover received notification of Plaintiff's Written Disputes from Defendants Experian and Equifax.

38. Defendant Discover did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying Account information with respect to the disputed information and the accuracy of the Account.

39. Defendants Experian and Equifax did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

40. Upon information and belief, Defendant Discover failed to instruct Defendants Experian and Equifax to remove the false and misleading information regarding the Account reporting on Plaintiff's consumer report.

41. Defendants Experian and Equifax each employed an investigation process that was not reasonable and did not remove the false and misleading information regarding the Account identified in Plaintiff's Written Disputes.

42. At no point after receiving the Written Disputes did Defendants Discover and/or Experian and Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's Written Disputes.

43. Defendants Experian and Equifax relied on their own judgment and the information provided to them by Defendant Discover rather than grant credence to the information provided by Plaintiff.

44. Defendants Experian and Equifax published the false and misleading information regarding the Account to third parties.

## COUNT I – EXPERIAN AND EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

45. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

46. After receiving the Written Disputes, Defendants Experian and Equifax failed to correct the false and misleading information regarding the Account reporting on Plaintiff's consumer reports.

47. Defendants Experian and Equifax each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

48. As a result of this conduct, action and/or inaction of Defendants Experian and Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

49. Defendants Experian and Equifax's conduct, action, and/or inaction was willful, rendering Experian and Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

50. In the alternative, Defendants Experian and Equifax were each negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

51. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Experian and Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN AND EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

52. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

53. After receiving the Written Disputes, Defendants Experian and Equifax failed to correct the false and misleading information regarding the Account reporting on Plaintiff's consumer reports.

54. Defendants Experian and Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of their procedures used to determine the accuracy and completeness of the disputed information.

55. As a result of this conduct, action and/or inaction of Defendants Experian and Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

56. Defendants Experian and Equifax's conduct, action, and/or inaction was willful, rendering Experian and Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

57. In the alternative, Defendants Experian and Equifax were each negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

58. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Experian and Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – DISCOVER

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

59. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

60. After receiving the Written Disputes, Defendant Discover failed to correct the false and misleading information regarding the Account reporting on Plaintiff's consumer report.

61. Defendant Discover violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Discover's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Discover's representations to consumer credit reporting agencies, among other unlawful conduct.

62. As a result of this conduct, action, and/or inaction of Defendant Discover, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

63. Defendant Discover's conduct, action, and inaction was willful, rendering Discovery liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

64. In the alternative, Defendant Discover was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

65. Plaintiff is entitled to recover costs and attorney's fees from Defendant Discover pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for

willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:   August 20, 2025

/s/ Matthew G. Bagley
Matthew G. Bagley